BLANCHE, Judge.
Catherine Frazer White Thompson died on March 20, 1970, leaving no forced heirs. Her olographic will, dated February 4,1970, naming Hayward Prevost and Olivia Pre-vost as universal legatees, was admitted for probate on May 4, 1970 and an ex-parte judgment of possession pursuant thereto was signed on May 8, 1970.
On July 17, 1970, a petition, alleging the will to be a forgery and asking to have the probate thereof and the judgment of possession set aside, was filed by Catherine Helen Cousin, Mrs. Lillian White and Caleb Albert White Hooker.
After trial on the merits, judgment was rendered dismissing the petition for nullity of the will. From that judgment, the opponents have appealed.
Under Article 2932 of the Code of Civil Procedure, when an action to annul a probated testament is brought within 90 days of the date of probate, the proponents of that testament have the burden of proving its validity.
The proponents offered the testimony of several witnesses who were familiar with the decedent’s handwriting. Edward Daniels operated a grocery store in the decedent’s neighborhood, and over the course of *726 years, received many written orders from her. He was certain that the entire questioned will was written in the hand of the decedent.
Up until shortly before the decedent’s death, Sarah Mars corresponded frequently with her and identified the handwriting in the olographic will to be that of the decedent.
Gilbert J. Fortier, Jr., a highly qualified examiner of questioned documents, testified that the will had been written by the same hand that had written nine specimen signatures which were identified by various witnesses as having been written by the decedent.
One of the witnesses called by the opponents of the will, Mrs. Lucy Terrell, testified that she had known the decedent for thirty years, and that she was of the opinion that the signature on the olographic will was that of the decedent.
The opponents, to rebut the proof offered in favor of the will, offered the testimony of Joseph Cousins, who had rented property from the decedent. He stated that he had prepared the decedent’s alien’s report form for her signature until 1969, and, therefore, he was familiar with it. He was not, however, familiar with her handwriting. Not only did he not recognize the signature on the contested will, he also did not recognize the decedent’s signature on any document which was shown to him.
Caleb Albert White Hooker, a nephew of the decedent who resides in Managua, Nicaragua, testified that he received many letters from the decedent and was familiar with her handwriting. He was of the opinion that the signature on the olographic will was not that of his aunt. However, he also failed to recognize the valid signature of the decedent on the recapitulation of property in her husband’s succession proceeding.
We conclude that this witness’s testimony is of little value in this proceeding. Since his last correspondence with the decedent in 1965, she had suffered a stroke and her handwriting had evidently changed to the extent that he could not even recognize her valid signature on the succession recapitulation.
The opponents’ expert, Cy Courtney, also a highly qualified examiner of questioned documents, testified that the signature on the olographic will was not made by the same person that had written three specimen signatures which were identified by various witnesses as having been written by the decedent.
After hearing the testimony the trial judge decided to discount the conflicting testimony of both experts. He then accepted the testimony of the lay witnesses who testified for the proponents, including the plaintiff Olivia Prevost who testified that she had witnessed the writing of the will by. the decedent in her room at the New Orleans Charity Hospital, thereby upholding the validity of the will.
After a thorough examination of the record we conclude, as did the trial judge, that the proponents of this olographic will proved, by a preponderance of the evidence, that the document was written entirely in the hand of the decedent. The judgment appealed from is therefore affirmed, at opponents’ costs.
AFFIRMED.